IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| JAMES EDWARD WILSON, | ) | Civil Action No. 4:11-70041-TLW |
| | ) | Criminal No. 4:03-1058-TLW |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter comes before the Court for consideration of the *pro se* motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by the Petitioner, James Edward Wilson. ("Petitioner" or "Defendant"). On November 18, 2003, a federal grand jury returned a an Indictment charging Petitioner with being a Felon In Possession of a Firearm in violation of 21 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e). (Doc. # 1). On June 2, 2004, Petitioner entered a guilty plea. (Doc. # 21). On October 27, 2004, a sentencing hearing was conducted in which Petitioner was sentenced to a term of imprisonment of 192 months. (Docs. # 24 and # 25). Petitioner filed a notice of appeal on December 2, 2004. (Doc. # 26). The Fourth Circuit's judgment, affirming the action below, was entered on January 25, 2006. (Doc. # 35). Petitioner filed a petition for a writ of certiorari in the United States Supreme Court. That petition was denied on April 3, 2006. Wilson v. United States, 547 U.S. 1061 (2006).

On February 25, 2011, Petitioner filed the present action raising one ground of relief. (Doc. # 69).[1] Petitioner contends that he is serving an illegally enhanced sentence because one

---

[1] Petitioner previously filed a § 2255 petition on April 9, 2007. (Doc. # 36). That application was dismissed by this Court as moot. (Doc. # 47). Because the Court never reached the merits of that earlier § 2255 petition, the Court declines to treat the present petition as a "second or successive" motion that would require Petitioner to seek prior authorization to file from the Fourth Circuit Court of Appeals. See Slack v. McDaniel, 529 U.S. 473 (2000) (holding

of the prior South Carolina convictions that was used to enhance his sentence pursuant to 18 U.S.C. § 924(e) (the Armed Career Criminal Act or "ACCA") was for the offense of Failure to Stop for a Blue Light and the Fourth Circuit has recently ruled that offense is not a "violent felony" for ACCA purposes. (Doc. # 69).

On March 28, 2011, the Government filed its response and moved to dismiss Petitioner's claim. (Doc. # 73). The Government's principal argument is that Petitioner's application is untimely. Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised by Order filed March 29, 2011 that he had thirty-four (34) days to file material in opposition to the Government's motion. (Doc. # 75). Petitioner has filed no response in opposition. The matter is now ripe for decision.

## 28 U.S.C. § 2255

United States Code, Title 28, Section 2255 provides that a prisoner in custody under sentence of a federal court may file a motion in the Court that imposed the sentence to vacate, set aside, or correct the sentence. The statute states four grounds upon which such relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C.A. § 2255. Generally, "28 U.S.C. § 2255 requires [a] petitioner to prove by a preponderance of the evidence that 'the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law.'" Leano v. United States, 334 F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting 28 U.S.C. § 2255(a)). In Leano,

---

that where initial habeas petition is dismissed without adjudication on the merits, subsequent petition is not successive).

the District Court noted that this is "the proof needed to allege a constitutional error, and that '[t]he scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" 334 Leano, 334 F. Supp. 2d at 890 (quoting United States v. Mikalajunas, 186 F.3d 490, 495-96 (4th Cir. 1999)). In deciding a 28 U.S.C. § 2255 motion, the Court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing petitioner's *pro se* motion, and finds that no hearing is necessary.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." It has been noted that "[a] motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted is a challenge to the legal sufficiency of a complaint, as governed by Rule 8." Federal Trade Commission v. Innovative Marketing, Inc., 654 F.Supp.2d 378, 384 (D. Md. 2009). The Supreme Court has held that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). The Supreme Court noted that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and noted that "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. See also Harman v. Unisys Corp., 2009

WL 4506463 *2 (4th Cir. 2009). The Court added that "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions," and that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

**DISCUSSION**

Petitioner's single asserted ground for relief concerns the use of his 1998 South Carolina conviction for Failure to Stop for a Blue Light as a predicate offense in classifying him as an armed career offender under the ACCA. Specifically, Petitioner contends that the Fourth Circuit's recent decision in United States v. Rivers, 595 F.3d 558 (4th Cir. 2010), in which the Fourth Circuit held that South Carolina's Failure to Stop offense is not a violent felony under the ACCA, entitles him to relief. (Doc. # 69). The Government, in turn, counters that Petitioner's application is properly dismissed as time-barred.

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year period of limitation within which a petitioner must bring any federal habeas corpus petition. 28 U.S.C. § 2255. According to the statute, the limitation period shall run to the last of:

1. The date on which the judgment of conviction becomes final;
2. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
3. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4. The date on which facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 (f) (1)-(4).

Here Petitioner's petition for a writ of certiorari to the Supreme Court was denied on April 3, 2006. Petitioner's one year limitation period to file under § 2255 expired approximately one year later, in April of 2007. As noted, Petitioner did not file this present action until February 25, 2011. (Doc. # 69). That is nearly five years after expiration of the presumptive limitation period.

In his petition, Petitioner relies on the aforementioned <u>Rivers</u> decision to argue that his motion should be considered timely. <u>Id.</u> Specifically, Petitioner states as follows:

> The Fourth Circuit has recently ruled that Failure to Stop for a Blue Light could never have been treated as violent for ACCA purposes. As a result, Movant's sentence is beyond the maximum authorized by law, and as a result a violation of his right to due process.

<u>Id.</u>

This argument, however, is unavailing. While a litigant in Petitioner's position may timely file a § 2255 motion to vacate within one (1) year of a United States Supreme Court decision that recognizes a new right and makes it retroactively applicable to cases on collateral review, that is not what occurred here. As an initial matter, the <u>Rivers</u> case relied upon by Petitioner is not a decision of the United States Supreme Court and therefore does not reset the clock on the § 2255 limitation period. In addition, while the Fourth Circuit in <u>Rivers</u> did rely upon the Supreme Court case of <u>Chambers v. United States</u>, 555 U.S. 122 (2009), in arriving at its holding, the <u>Chambers</u> opinion issued on January 13, 2009. Therefore, even if the Court were to assume, without deciding, that <u>Chambers</u> applies retroactively and Petitioner *could* have

timely filed a motion to vacate within one (1) year after the Chambers decision, Petitioner still failed to do so. Again, Petitioner's instant motion was not filed until February 25, 2011. That is more than two years after the Supreme Court ruled in Chambers. (Doc. # 69).

Nor does this Court's review of the record reveal any other viable grounds supporting an equitable tolling of the applicable one-year limitation period. The Fourth Circuit recognizes that the statute of limitations governing § 2255 petitions is subject to a doctrine of equitable tolling that allows a federal court to forego a strict application of the limitations period in the interests of equity. United States v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000); see also Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003); Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). However, this doctrine does "not extend to garden variety claims of excusable neglect." Rouse, 339 F.3d at 246 (citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)). Rather, a petitioner may invoke relief under the doctrine in two generally distinct situations. Harris, 209 F.3d at 330. The petitioner must show either: (1) that the Government engaged in some form of wrongful conduct that prevented him from filing his motion; or (2) that "extraordinary circumstances" beyond his control made it impossible to file his motion on time. See id. In general, the doctrine is reserved for "rare instances where . . . it would be unconscionable to enforce the limitation against the party and gross injustice would result." Id.

Here the Petitioner has cited no grounds capable of justifying equitable tolling in this case. The Court therefore concludes that the presumptive one-year statute of limitations governing § 2255 petitions should apply to and does bar this action.

## **CONCLUSION**

For the foregoing reasons, Petitioner's motion for relief pursuant to 28 U.S.C. § 2255 is **DENIED** (Doc. # 69) and the Government's motion to dismiss is **GRANTED**. (Doc. # 73). Petitioner's companion Motion to Appoint Counsel is likewise **DENIED**. (Doc. # 66).

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised herein. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.


June 11, 2012                                                        __s/Terry L. Wooten_____
Florence, South Carolina                        United States District Judge